Filed 11/9/22  P. v. Woods CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EARNEST C. WOODS,<br><br>    Defendant and Appellant. | D080417<br><br><br><br>(Super. Ct. No. CR83908) |

APPEAL from an order of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Earnest C. Woods appeals from an order denying his petition to vacate his murder conviction and for resentencing under former Penal Code section 1170.95 (now section 1172.6).[1]  His appointed appellate counsel filed an

_____

[1]    Section 1170.95 was amended effective January 1, 2022 and then renumbered as section 1172.6 without substantive change on June 30, 2022.  (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).)  We refer to the subject

opening brief raising no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Woods also filed a supplemental brief on his own behalf.

We have independently reviewed the record and find no arguable issue that would result in a modification or reversal of the trial court's order.[2] Accordingly, we affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

During a dispute in a parking lot outside of a dance club, Woods aimed and fired a gun into a man's chest, killing him. A jury convicted Woods in 1987 of second degree murder (§ 187) and found true an allegation that he personally used a firearm (§ 12022.5). The court sentenced Woods to a term of 15 years to life for second degree murder plus two consecutive years for the firearm enhancement. We affirmed the conviction on direct appeal in an unpublished opinion. (*People v. Woods* (Dec. 23, 1988, D06442) [nonpub. opn.].) We concluded the trial court erroneously instructed the jury on the law of implied malice under CALJIC No. 8.11, but that the error was harmless beyond a reasonable doubt "given the parties' approaches to the case combined with the overwhelming evidence supporting the prosecution's

statute by its current number throughout this opinion. All further statutory references are to the Penal Code.

2      We recognize some courts have ruled that a defendant has no right to *Wende/Anders* review in an appeal from the denial of a section 1172.6 petition for resentencing. (See, e.g., *People v. Figueras* (2021) 61 Cal.App.5th 108, 110–113.) Other courts have concluded that *Wende/Anders* review is not required, but that appellate courts have discretion to conduct such a review in the interests of justice. (*People v. Gallo* (2020) 57 Cal.App.5th 594, 598– 599.) Because this issue is currently pending before the Supreme Court (*People v. Delgadillo* (Nov. 18, 2020, No. B30441), review granted Feb. 17, 2021, S266305), we have opted to conduct a *Wende/Anders* review.

theory Woods intended to kill [the victim] or at minimum appreciated the risk involved in his conduct . . . ."

In 2019, the trial court denied Woods's petition for resentencing under former section 1170.95 (now § 1172.6), finding Woods was not convicted of murder based on felony murder or the natural and probable consequences doctrine, but was convicted as the actual killer. We affirmed the order in an unpublished opinion. (*People v. Woods* (Oct. 7, 2019, D075613) [nonpub. opn.].)

Woods filed a second petition for resentencing in October 2021, contending he was convicted of second degree murder under either the felony murder rule or the natural and probable consequences doctrine and that he was eligible for resentencing based on amendments to sections 188 and 189 that became effective in 2019. The People opposed the petition, contending Woods failed to meet his prima facie burden. Woods's appointed counsel submitted a reply arguing he had made a prima facia showing that he may be entitled to relief and the matter should proceed to a hearing where the People would be required to show he is not entitled to relief.

The court considered the briefing and oral arguments. Woods's counsel argued the matter should proceed to an evidentiary hearing because the record of conviction indicated the jury was instructed with language in CALJIC No. 8.11 defining implied malice in terms of an intentional act "the natural consequences of which are dangerous to life,"[3] which Woods's counsel

---

[3] As given at trial, CALJIC No. 8.11 defined implied malice as follows: "Malice is implied when the killing results from an intentional act involving a high degree of probability that it will result in death, which act is done for a base, antisocial purpose and with a wanton regard [*sic*] for human life, or when the killing results from an intentional act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person

argued was similar to the natural and probable consequences doctrine. The People argued that the court previously denied a petition for resentencing after finding that he actually and intentionally killed the victim, which our court affirmed on appeal. The People argued this second successive petition should be denied based on collateral estoppel because he did not raise new grounds for relief. Even if the petition was proper, the People argued he was ineligible for relief based on the jury's findings.

The court agreed the petition was successive and that Woods raised no new issues. Nevertheless, the court found, after considering the record of conviction and the arguments, that Woods was ineligible for relief. The court concluded that Woods was not convicted under a theory of felony murder or the natural and probable consequences doctrine. Instead, the jury found that Woods shot the gun and he was the direct perpetrator of the homicide. There was no evidence anyone else was present.

Woods filed a timely notice of appeal. His appointed appellate counsel filed an opening brief raising no issues and asking us to review the record for error under *Wende* and *Anders*. The opening brief identified two potential issues to assist this court in conducting its independent review of the record: (1) whether the trial court erred in denying appellant's petition for resentencing; and (2) whether the use of the phrase "natural and probable consequences" in the definition of implied malice given at trial (CALJIC No. 8.11) made Woods eligible for relief under section 1172.6.

Woods filed his own supplemental brief again arguing that he is eligible for relief because the improper instruction of the jury with CALJIC No. 8.11 regarding implied malice permitted them to find him guilty under the

who knows that his conduct endangers the life of another and who acts with conscious disregard for life."

4

natural and probable consequences doctrine. He also argued he did not have effective assistance of counsel and that his conviction violated his rights under the United States Constitution and the Racial Justice Act (Stats. 2020, ch. 317, § 3.5).

## DISCUSSION

We have reviewed the entire record as required by *Wende* and *Anders*. We have also considered the issues identified by counsel in the opening brief and by Woods in his supplemental brief. We have not discovered any arguable issue that would result in a reversal or modification of the trial court's ruling. Competent counsel has represented Woods in this appeal. Accordingly, we affirm the trial court's order.

## DISPOSITION

The order denying Woods's petition for resentencing under section 1172.6 is affirmed.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.

5